No. 638.

JOHN F. PHIFER VS. J. D. MAXWELL. JAMES CAMPBELL, INTERVENOR.

The question is, whether a draft given in payment of rent and subsequently lost and not paid was in any sense a novation of the debt due for rent. It must be answered in the negative. The receipt states in express terms that the draft would discharge the debt *only when paid*. It was not paid. This was not the substitution of a new debt for an old; it was nothing more than an order on a third party to pay the debt of the debtor. The order, having not been satisfied, left the debt as it was before the order was given.

The plaintiff was therefore entitled to his writ and to the privilege upon the property which he caused to be seized. As to the intervenor claiming to be paid for supplies furnished for raising the cotton seized, he only appeared to assert his rights after the property had been bonded. It was too late.

APPEAL from the Fourteenth Judicial District Court, parish of Morehouse. *Ray, J. Todd & Brigham,* for plaintiff and appellee. *Newton & Hall,* for the defendant and for the intervenor, appellants.

MORGAN, J. Plaintiff leased a plantation to the defendant. In payment of the rent thereof he gave a draft on Wyche & Morgan, of New Orleans, which draft was accepted by them. The receipt which his agents gave for the draft recites that when paid the rent was to be satisfied thereby. The draft was lost. Another draft was given in lieu thereof, which draft Wyche & Morgan refused to accept unless a bond of indemnity was given them that the first draft would not be presented to them. This was refused, and the draft was returned to defendant. The first draft has never been paid.

Plaintiff then sequestered certain cotton belonging to the defendant, and claims a privilege thereon for the payment of the rent due him. The property sequestered was bonded. Subsequent to the bonding thereof Campbell intervened, and claimed a privilege for having furnished the supplies necessary to raising the cotton.

The defendant contends that the draft on Wyche & Morgan, which was accepted, discharged the rent, and that, as the same was never presented to them for payment, and never protested, plaintiff, by his own negligence, has discharged the defendant.

Phifer vs. Maxwell.

There is no question here as to the responsibility of Wyche & Morgan upon their accepted draft. The matter for us to determine is, whether the draft was in any sense a novation of the debt due for rent. We think it was not. The receipt states, in terms, that it was only to discharge the debt *when paid*. It was never paid. This was not the substitution of a new debt for an old; it was nothing more than an order on a third party to pay the debt of the debtor. The order not having been paid left the debt as it was before the order was given. The plaintiff was entitled to his writ and the privilege upon the property which he caused to be seized. As to the intervenor, he only appeared to assert his rights after the property had been bonded. This was too late.

On the merits, as to the amount claimed, we think the judgment of the district judge did justice between the parties.

Judgment affirmed.